# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP567-W |

| | |
|---|---|
| COMPLETE TITLE: | State of Wisconsin ex rel. Milton Eugene Warren, Plaintiff-Petitioner-Petitioner, v. Michael Meisner, Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | June 11, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 18, 2020 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Rock |
| JUDGE: | Karl Hanson |

JUSTICES:

ANN WALSH BRADLEY, J., delivered the majority opinion for a unanimous Court.

NOT PARTICIPATING:

ATTORNEYS:

For the plaintiff-petitioner-petitioner, there were briefs filed by *Robert N. Meyeroff*, Milwaukee. There was an oral argument by *Robert N. Meyeroff*.

For the defendant-respondent, there was a brief filed by *Robert G. Probst*, assistant attorney general; with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Robert G. Probst*.

An amicus curiae brief was filed on behalf of Wisconsin State Public Defender by *Joseph N. Ehmann*, regional attorney manager; with whom on the brief was *Kelli S. Thompson*, state public defender. There was an oral argument by *Joseph N. Ehmann*.

An amicus curiae brief was filed on behalf of Wisconsin Association of Criminal Defense Lawyers by *Robert R. Henak* and *Henak Law Office, S.C.*, Milwaukee.

2020 WI 55

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.  2019AP567-W
 (L.C. No.  2014CF2123)

STATE OF WISCONSIN                    :        IN SUPREME COURT

**State of Wisconsin ex rel. Milton Eugene Warren,**

     **Plaintiff-Petitioner-Petitioner,**

  **v.**

**Michael Meisner,**

     **Defendant-Respondent.**

**FILED**

**JUN 11, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ANN WALSH BRADLEY, J., delivered the majority opinion for a unanimous Court.

REVIEW of a decision of the Court of Appeals.  *Reversed and remanded.*

¶1  ANN WALSH BRADLEY, J.   The petitioner, Milton Eugene Warren, seeks review of an unpublished order of the court of appeals denying his petition for habeas corpus.[1]  He filed the habeas petition after first unsuccessfully seeking Wis. Stat.

_____

[1] State ex rel. Warren v. Meisner, No. 2019AP567-W, unpublished order (Wis. Ct. App. Apr. 8, 2019).

§ 974.06 (2017-18)[2] postconviction relief in the circuit court.[3] In both the habeas petition and the postconviction motion, Warren averred ineffective assistance of counsel for alleged errors taking place after conviction by the failure to raise a claim that his trial counsel was ineffective.

¶2 Presented with Warren's postconviction motion, the circuit court concluded that Warren had sought relief in the wrong forum. Pursuant to State v. Starks, 2013 WI 69, 349 Wis. 2d 274, 833 N.W.2d 146, it determined that rather than filing his postconviction motion in the circuit court, Warren should instead have filed a habeas petition in the court of appeals.

¶3 Following the circuit court's direction, Warren subsequently filed a habeas petition in the court of appeals. The court of appeals denied the petition, concluding that Warren did not follow the correct procedural mechanism. Specifically, it determined that he should have filed an appeal of the circuit court's denial of his postconviction motion rather than a habeas petition.

¶4 Warren contends that the circuit court and court of appeals decisions leave him effectively without a forum for resolution of his ineffective assistance of counsel claim and that the proper forum for the claim is in the circuit court. Further, he asserts, and the State agrees, that language from Starks should

---

[2] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

[3] The Honorable Karl R. Hanson, Rock County Circuit Court, presided.

2

be withdrawn because it contradicts the established framework for determining the proper forum for his claim.

¶5 We reaffirm that the Knight/Rothering[4] framework remains the correct methodology for determining the appropriate forum for a criminal defendant to file a claim relating to the alleged ineffectiveness of counsel after conviction. Both Knight and Rothering premised their decisions on the forum in which the alleged ineffectiveness took place. Applying this framework, we conclude that the circuit court is the appropriate forum for Warren's claim that postconviction counsel was ineffective for failing to assert an ineffective trial counsel claim. Further, we withdraw paragraph four of Starks because it is contradictory to this conclusion. Additionally, to the extent language in paragraphs 30-31, 34-35, and throughout Starks contradicts our conclusion in this case, it is also withdrawn. Finally, we also modify paragraph 41 of Starks.

¶6 Accordingly, we reverse the decision of the court of appeals and remand to the court of appeals with directions.

I

¶7 Warren was convicted after a jury trial of three drug related offenses——possession with intent to deliver more than 50 grams of heroin, possession of THC as a second or subsequent offense, and contributing to the delinquency of a minor. Following his conviction, and with the assistance of counsel, Warren appealed

---

[4] See State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992); State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996) (per curiam).

his judgment of conviction. He pursued a direct appeal without first filing in the circuit court a motion for postconviction relief pursuant to Wis. Stat. § (Rule) 809.30.[5]

¶8 Thus, rather than pursuing a remedy in the circuit court through a motion for postconviction relief, Warren filed a notice of appeal from his judgments of conviction, proceeding directly to the court of appeals. He raised two issues before the court of appeals. First, he challenged the sufficiency of the evidence to support his convictions. Second, he asserted that the circuit court erred by excluding evidence related to prior bad acts that Warren wished to use to impeach a witness.

¶9 The court of appeals rejected these arguments and affirmed Warren's judgments of conviction. State v. Warren, No. 2016AP936-CR, unpublished slip op. (Wis. Ct. App. July 20, 2017) (per curiam). Warren petitioned for review in this court, which was denied.

---

[5] Pursuant to Wis. Stat. § (Rule) 809.30(2)(h):

The person shall file in circuit court and serve on the prosecutor and any other party a notice of appeal or motion seeking postconviction or postdisposition relief within 60 days after the later of the service of the transcript or circuit court case record. The person shall file a motion for postconviction or postdisposition relief before a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised. A postconviction or postdisposition motion under this section may not be accompanied by a notice of motion and is made when filed. A notice of appeal filed under this section shall conform to the requirements set forth in s. 809.10.

4

¶10 Subsequently, Warren filed a postconviction motion in the circuit court pursuant to Wis. Stat. § 974.06.[6] Although neither the original nor an amended postconviction motion is in the record in this case, the circuit court characterized the arguments made as a contention "that Warren's appellate counsel was ineffective for not raising a claim for the ineffective assistance of trial counsel."

¶11 The circuit court denied Warren's Wis. Stat. § 974.06 postconviction motion. It premised its determination on Starks, observing that "[i]n the case at bar, the procedural posture is nearly identical to that in Starks." The relevant distinction that arises from Starks, according to the circuit court, is that between "appellate counsel" and "postconviction counsel." Because the circuit court opined that "[t]his is a case that involves a claim for the ineffective assistance of an appellate attorney, as that appellation is determined [in Starks,]" it concluded that Warren's claim should be brought in the first instance in the court of appeals.

---

[6] Wisconsin Stat. § 974.06(1) provides:

After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

5

¶12 Following the denial of this postconviction motion in the circuit court, Warren filed a petition for habeas corpus, often referred to as a Knight[7] petition, in the court of appeals. Again, Warren alleged that his counsel on direct appeal "performed deficiently by failing to raise trial counsel's ineffectiveness." State ex rel. Warren v. Meisner, No. 2019AP567-W, unpublished order at 2 (Wis. Ct. App. Apr. 8, 2019).

¶13 The court of appeals denied Warren's habeas petition without ordering a response. Observing that "Warren's writ petition makes no mention of the postconviction motion proceedings that followed his direct appeal," it determined that "[t]o the extent Warren seeks relief from the order denying the motion, his remedy lies not by writ, but by appeal of that order. A petition for supervisory writ is not a substitute for an appeal." Id. (citing State ex rel. Dressler v. Cir. Ct. for Racine Cty., 163 Wis. 2d 622, 630, 472 N.W.2d 532 (Ct. App. 1991)). Warren moved for reconsideration, which the court of appeals denied, and he subsequently petitioned for review in this court.

II

¶14 We are called upon to review the court of appeals' order denying Warren's petition for habeas corpus. In our review, we are asked to determine the appropriate forum when a defendant asserts ineffective assistance of counsel for errors that take

---

[7] "Habeas petitions to the court of appeals alleging ineffective assistance of appellate counsel are often referred to as 'Knight petitions.'" State ex rel. Kyles v. Pollard, 2014 WI 38, ¶27 n.11, 354 Wis. 2d 626, 847 N.W.2d 805; see Knight, 168 Wis. 2d 509.

6

place after conviction by the failure to raise the ineffectiveness of trial counsel.  This is a question of law reviewed independently of the determinations rendered by the circuit court and court of appeals.  See State ex rel. Kyles v. Pollard, 2014 WI 38, ¶16, 354 Wis. 2d 626, 847 N.W.2d 805.

### III

¶15  We begin by setting forth the development of our case law regarding the proper forum for claims of ineffective assistance of counsel resulting from alleged errors that take place after conviction.  Subsequently, we apply this case law to the facts of this case.  We finally discuss the remedy to which Warren is entitled.

¶16  This court has previously stated that the traditional rule "has been that claims of ineffective assistance of counsel premised on errors occurring before the circuit court should be pursued in the circuit court and claims of ineffective assistance of counsel premised on errors occurring before the appellate court should be pursued in the court of appeals." Id., ¶25 (citing State v. Balliette, 2011 WI 79, ¶32, 336 Wis. 2d 358, 805 N.W.2d 334). This framework began its development in the seminal case of State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

¶17  In Knight, the defendant alleged that his attorney on appeal provided ineffective assistance by failing to raise certain arguments before the court of appeals.  Id. at 513.  The court addressed what was at that time a question of first impression in Wisconsin:  "the proper procedure by which a defendant may assert

7

a claim of ineffective assistance of appellate counsel . . . ." Id. at 514.

¶18 Resolving this question, the Knight court concluded "that to bring a claim of ineffective assistance of appellate counsel, a defendant should petition the appellate court that heard the appeal for a writ of habeas corpus." Id. at 520. In arriving at this determination, the court focused on the fact that "[t]he appellate court will be familiar with the case and the appellate proceedings." Id. at 521. The appellate court is therefore "a more appropriate and better suited forum than is the circuit court to determine whether appellate counsel's performance was deficient and prejudiced the defendant's appeal." Id.

¶19 The court of appeals added an additional piece to the Knight framework in State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996) (per curiam). In Rothering, the defendant alleged "the failure of postconviction counsel to bring a postconviction motion before the trial court to withdraw his plea and raising the issue of ineffective trial counsel." Id. at 679.

¶20 Just as the court in Knight focused on where the alleged ineffectiveness occurred, the Rothering court similarly focused its analysis. "In choosing the appellate court as the appropriate forum for addressing allegations of ineffective assistance of appellate counsel, an admittedly close call, the supreme court [in Knight] sought to pick the forum where the allegedly ineffective conduct occurred." Id. Indeed, where ineffectiveness is alleged

8

in the court of appeals, it is the appellate court that "has familiarity with the case and appellate proceedings." Id.

¶21 In Rothering, unlike in Knight, "[t]he allegedly deficient conduct is not what occurred before [the court of appeals] but rather what should have occurred before the trial court by a motion filed by postconviction counsel." Id. It is the circuit court, and not the court of appeals, that possesses the necessary background in such a case. Id. at 679-80 (explaining that the court of appeals "does not have any familiarity with the claims of ineffective trial counsel and whether the plea should be withdrawn as they were never raised in [the court of appeals]").

¶22 The court of appeals thus concluded that "a Knight petition is not the proper vehicle for seeking redress of the alleged deficiencies of postconviction counsel." Id. at 679. Instead, "a claim of ineffective assistance of postconviction counsel should be raised in the trial court either by a petition for habeas corpus or a motion under § 974.06, Stats." Id. at 681.

¶23 The key distinction the Rothering court drew was between "appellate" counsel and "postconviction" counsel. Id. at 678; Balliette, 336 Wis. 2d 358, ¶32. It offered some guidance in distinguishing between the two, observing two "principal manifestations of appellate representation:" briefing and oral argument. Rothering, 205 Wis. 2d at 678-79 (quoting Watson v. United States, 536 A.2d 1056, 1057 (D.C. 1987)). However, the court of appeals also recognized "that often postconviction counsel and appellate counsel are the same person." Id. at 678 n.4.

9

¶24 This court indicated that it was applying the Knight/Rothering framework in Starks, 349 Wis. 2d 274, ¶4. In Starks, the defendant filed a Wis. Stat. § 974.06 postconviction motion with the circuit court, "alleging that the attorney who handled his appeal was ineffective for failing to raise ineffective assistance of trial counsel claims." Id., ¶2.

¶25 At the outset of its opinion, the Starks court observed what it termed a "procedural problem." Id., ¶4. Specifically, it stated:

> Starks's Wis. Stat. § 974.06 motion, which was filed with the circuit court, alleged ineffective assistance of postconviction counsel. However, the attorney who represented him after his conviction did not file any postconviction motions and instead pursued a direct appeal. He was thus not Starks's postconviction counsel but was rather his appellate counsel. This is significant because claims of ineffective assistance of appellate counsel must be filed in the form of a petition for a writ of habeas corpus with the court of appeals. By bringing his claim in the circuit court, Starks pursued his case in the wrong forum.

Id. (citing Knight, 168 Wis. 2d at 520).

¶26 Following this court's decision in Starks, both Starks and the State moved for reconsideration. As explained in a concurrence to the denial of the motion for reconsideration:

> Both parties took issue with the court's discussion in the above-quoted paragraph 4. Both parties contended that on the facts of the case, Starks was correct in challenging the effectiveness of postconviction counsel and thus correct in filing his § 974.06 motion in the circuit court. Correspondingly, both parties contended that this court's characterization of Starks's motion as a challenge to the effectiveness of appellate counsel was incorrect and its assertion that Starks should have

10

filed a petition for a writ of habeas corpus in the court of appeals was thus mistaken.

State v. Starks, 2014 WI 91, ¶21, 357 Wis. 2d 142, 849 N.W.2d 724 (denying reconsideration) (Prosser, J., concurring).[8]

¶27 The court denied the motion for reconsideration. It further declined to withdraw the language from its original opinion in Starks.

¶28 In the present case, in analyzing whether Warren had properly filed his motion in the circuit court, the circuit court observed the dissonance between the Knight/Rothering framework and Starks: "Whereas the Rothering court found that an appellate attorney who fails to file a postconviction motion is nonetheless postconviction counsel——at least as to the decision to not file the postconviction motion——the Starks court found just the opposite." Following its reading of Starks, the circuit court thus determined that "[t]he Supreme Court in Starks overruled the Court of Appeals' holding in Rothering as to when an attorney is

---

[8] In addition to this argument, the parties raised two additional issues on reconsideration. First, Starks argued that the court should "reconsider its assessment of his substantive claims 'because that assessment conflicts with controlling and apparently overlooked legal standards.'" State v. Starks, 2014 WI 91, ¶24, 357 Wis. 2d 142, 849 N.W.2d 724 (denying reconsideration) (Prosser, J., concurring). Second, the State asserted that paragraph 41 of the Starks opinion should be modified because it relied on case law that had been superseded by statute. Id., ¶25; see State v. Starks, 2013 WI 69, ¶41, 349 Wis. 2d 274, 833 N.W.2d 146.

The first of these arguments has no bearing on the issues before us in this appeal and accordingly will not be addressed further. Modification of paragraph 41 of the Starks opinion is addressed infra at ¶¶41-43.

considered appellate counsel" and accordingly concluded that Warren's claim was filed in the wrong forum.

¶29 This case now presents the court with an opportunity to examine this language of Starks and in essence revisit one of the issues presented on reconsideration.

IV

¶30 We turn next to apply the framework created by the above-cited case law to the facts of this case.

¶31 As a starting point, there is much agreement between the parties. Neither party seeks to alter the longstanding Knight/Rothering framework or questions its continued vitality. Further, the parties agree that the circuit court is the proper forum for Warren's claim.

¶32 We agree with the parties on both of these points. First, we reaffirm that the Knight/Rothering framework remains the correct methodology for determining the appropriate forum for a criminal defendant to file a claim relating to the alleged ineffectiveness of counsel after conviction.

¶33 Both Knight and Rothering premised their decisions on the forum in which the alleged ineffectiveness took place. In Knight, the court noted that "[t]he appellate court will be familiar with the case and the appellate proceedings[,]" so it is a better forum for determining questions of the ineffectiveness of appellate counsel. Knight, 168 Wis. 2d at 521. Likewise, in Rothering the court observed that the court of appeals "does not have any familiarity with the claims of ineffective trial counsel" and is ill-suited to address "the conduct of postconviction counsel

12

and issues which were never preserved for appeal." Rothering, 205 Wis. 2d at 679.

¶34 Such an approach makes eminent sense. The circuit court reviews allegations of conduct that took place (or should have taken place) before the circuit court, and an appellate court examines allegations of conduct that took place (or should have taken place) before it. This division of labor allows each court to play to its strengths and to answer questions applying its unique expertise. See Knight, 168 Wis. 2d at 521 (explaining that an appellate court is "better suited . . . than is the circuit court to determine whether appellate counsel's performance was deficient and prejudiced the defendant's appeal" because "[t]hese determinations involve questions of law within the appellate court's expertise and authority to decide de novo").

¶35 Perhaps some of the confusion that appears to have arisen regarding this framework is due to the nomenclature that decisions have used describing "appellate counsel" and "postconviction counsel." Indeed, these two terms often refer to the same person. Rothering, 205 Wis. 2d at 678 n.4.

¶36 Rather than a determination of "who" committed the error, we think it clearer to focus the inquiry on "where" the alleged ineffectiveness occurred. If the acts or omissions that constitute alleged ineffective assistance of counsel took place in the circuit court, then the circuit court is the proper forum for such claims to be filed in the first instance. Likewise, alleged errors occurring in an appellate court are best addressed in the appellate court where the alleged error occurred.

13

¶37 Certain language in Starks contradicts this framework, and we hereby withdraw paragraph four of that opinion because it is inconsistent with our determination in the present case. See Starks, 349 Wis. 2d 274, ¶4. Specifically, the Starks court labeled an attorney who "did not file any postconviction motions and instead pursued a direct appeal" as "appellate counsel." Id. Therefore, it determined that the claim should have been filed in the form of a petition for habeas corpus in the court of appeals. Id.

¶38 Additionally, the State cautions that some language in paragraphs 30-31 and 34-35 of Starks may also be interpreted to overrule the Knight/Rothering framework because it refers to Starks's challenge as one to his appellate counsel rather than postconviction counsel. To the extent that language in these paragraphs and any other language throughout Starks contradicts our holding today, the language cannot stand and is also withdrawn.

¶39 The Starks court's determination that the defendant's challenge was to "appellate counsel" was incorrect under the Knight/Rothering framework, which we reaffirm in the present case. The claim of ineffectiveness made in Starks was that counsel was ineffective "for failing to raise ineffective assistance of trial counsel claims." Id., ¶2. That is, Starks alleged that counsel was ineffective for failing to file a motion for postconviction relief and seek a Machner hearing.[9] This is an error of omission

---

[9] See State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

14

that took place in the circuit court. The time for filing this motion was prior to the filing of a notice of appeal, and such a Machner hearing would have taken place before the circuit court.

¶40 Nothing in the Starks opinion provides any indication that the court intended to modify the Knight/Rothering framework.[10] As stated above, such a framework remains the law. Thus, we withdraw paragraph four in Starks.

¶41 We diverge briefly from the issues as presented by the parties. The State Public Defender, as amicus, asks us to withdraw language from paragraph 41 in Starks. In the interest of avoiding confusion, we grant this request. See Starks, 349 Wis. 2d 274, ¶41.

¶42 At paragraph 41, the Starks court wrote, "A defendant may file a § 974.06 motion only after he has 'exhausted his direct remedies[,] which consist of a motion for a new trial and [an] appeal.'" Id. (quoting Peterson v. State, 54 Wis. 2d 370, 381, 195 N.W.2d 837 (1972)). The State Public Defender contends that this language incorrectly implies that Wis. Stat. § 974.06 litigation is available only after a person has taken a direct appeal.

---

[10] See Starks, 357 Wis. 2d 142, ¶49 (denying reconsideration) (Prosser, J., concurring) ("In any event, no one on the court disputes the basic correctness of the holdings in Knight and Rothering as to where to file a petition for a writ of habeas corpus challenging the effectiveness of appellate counsel or a § 974.06 motion challenging the effectiveness of postconviction counsel, for not challenging, or deficiently challenging, the alleged ineffective assistance of trial counsel.").

15

¶43 An examination of the relevant statutes confirms that amicus is correct. The language in the 1972 Peterson decision, on which Starks relies, was superseded by a statutory amendment enacted in 1977. See § 130, ch. 187, Laws of 1977. This amendment changed the language of Wis. Stat. § 974.06 to provide: "After the time for appeal or postconviction remedy provided in s. 974.02 has expired," a postconviction motion pursuant to § 974.06 may be filed. Wis. Stat. § 974.06(1). As this statute provides that a § 974.06 motion may be filed after the time for direct appeal has expired, and the ability to file such a motion is not tied to a direct appeal actually being taken, we withdraw the sentence in paragraph 41 of Starks that suggests otherwise.

¶44 Returning to the parties' issues at hand, we next apply the Knight/Rothering framework. We agree with the parties that the proper forum for Warren's claim is in the circuit court. As the circuit court stated, Warren argued that his counsel after conviction "was ineffective for not raising a claim for the ineffective assistance of trial counsel."

¶45 The alleged error is one of omission (failing to file a motion for postconviction relief) that took place in the circuit court. Had Warren's attorney on appeal raised a claim that trial counsel was ineffective, a Machner hearing would have been requested in the circuit court. No proceedings in the court of appeals would have immediately resulted had counsel filed a motion for postconviction relief. The alleged error thus occurred prior to the filing of the notice of appeal. Pursuant to the established

16

and now reaffirmed <u>Knight</u>/<u>Rothering</u> framework, the proper forum for such a claim is the circuit court.

¶46 Accordingly, we conclude that the circuit court is the appropriate forum for Warren's claim that postconviction counsel was ineffective for failing to assert an ineffective trial counsel claim.

V

¶47 Having determined that the proper forum for Warren's claim is the circuit court, we turn next to the proper remedy.

¶48 "Habeas corpus is essentially an equitable doctrine, and a court of equity has authority to tailor a remedy for the particular facts." <u>State ex rel. Memmel v. Mundy</u>, 75 Wis. 2d 276, 288, 249 N.W.2d 573 (1977). In fashioning a remedy here, we seek to fulfill three goals. First, Warren's claim must be heard on the merits. As analyzed above, the circuit court erroneously dismissed Warren's Wis. Stat. § 974.06 motion due to the now-withdrawn language in <u>Starks</u>. The State agrees that Warren is entitled to his day in court.

¶49 Second, we must respect the fact that it is the court of appeals' decision we are reviewing and not the circuit court's. Although the circuit court's decision is essential to our analysis, that decision is not before us——this is a writ case, separate and distinct from Warren's criminal case. See <u>State ex rel. Fuentes v. Wis. Ct. App., Dist. IV</u>, 225 Wis. 2d 446, 450, 593 N.W.2d 48 (1999) ("Although a habeas corpus petition normally arises out of criminal proceedings, it is a separate civil action founded upon

17

principles of equity."). This case, as it comes to this court, originated at the court of appeals.

¶50 Third, we must make clear that Warren's initial Wis. Stat. § 974.06 motion was properly filed. This is important in relation to Warren's rights to federal habeas review. Indeed, a "properly filed" postconviction motion tolls the one-year limitations period for a federal habeas petition: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); see State ex rel. Coleman v. McCaughtry, 2006 WI 49, ¶24 n.5, 290 Wis. 2d 352, 714 N.W.2d 900.

¶51 Keeping in mind these three goals, we remand the case to the court of appeals with directions to remand to the circuit court for Rock County to construe the habeas petition as a Wis. Stat. § 974.06 postconviction motion.[11] This remedy provides Warren with

---

[11] Our precedent indicates that this court has the authority to construe Warren's Knight petition as a Wis. Stat. § 974.06 motion and transfer it to the appropriate court. See State ex rel. L'Minggio v. Gamble, 2003 WI 82, ¶25, 263 Wis. 2d 55, 667 N.W.2d 1 (construing petition for habeas corpus as petition for certiorari and transferring to circuit court); bin-Rilla v. Israel, 113 Wis. 2d 514, 523-24, 335 N.W.2d 384 (1983) (transferring a habeas petition challenging conditions of confinement that was filed in the court of appeals to the circuit court because "the circuit court is better suited than the court of appeals or this court to process this petition"). (continued)

18

a determination on the merits of his claim in the circuit court and acknowledges that this case originated in the court of appeals. We determine further that Warren's original Wis. Stat. § 974.06 motion in the circuit court was properly filed.

¶52 In sum, we reaffirm that the Knight/Rothering framework remains the correct methodology for determining the appropriate forum for a criminal defendant to file a claim relating to the alleged ineffectiveness of counsel after conviction. Both Knight and Rothering premised their decisions on the forum in which the alleged ineffectiveness took place. Applying this framework, we conclude that the circuit court is the appropriate forum for Warren's claim that postconviction counsel was ineffective for failing to assert an ineffective trial counsel claim. Further, we withdraw paragraph four of Starks because it is contradictory to this conclusion. Additionally, to the extent language in paragraphs 30-31, 34-35, and throughout Starks contradicts our conclusion in this case, it is also withdrawn. Finally, we also modify paragraph 41 of Starks.

---

See also Wis. Stat. § 807.07(2) ("If the tribunal from which an appeal is taken had no jurisdiction of the subject matter and the court to which the appeal is taken has such jurisdiction, the court shall, if it appears that the action or proceeding was commenced in the good faith and belief that the first named tribunal possessed jurisdiction, allow it to proceed as if originally commenced in the proper court and shall allow the pleadings and proceedings to be amended accordingly; and in all cases every court where objection to its jurisdiction is sustained the cause shall be certified to some court having jurisdiction, provided it appears that the error arose from mistake.").

¶53  Accordingly, we reverse the decision of the court of appeals and remand to the court of appeals with directions.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the court of appeals with directions.

1